915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
PUERTO RICO ELECTRIC POWER AUTHORITY, Plaintiff, Appellant,
v.
PUERTO RICO PORTS AUTHORITY, ET AL., Defendants, Appellees.
 No. 89-1637.
 United States Court of Appeals, First Circuit.
 Aug. 10, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico, Juan M. Perez-Gimenez, District Judge.
 Pedro Santiago Torres, for appellant.
 Steven C. Lausell with whom Jimenez, Graffam & Lausell were on brief, for appellees.
 D.P.R.
 AFFIRMED.
 Before SELYA and CYR, Circuit Judges, and Re,* Judge.
 PER CURIAM.
 
 
 1
 This appeal is taken from the decision and judgment of the district court, sitting without a jury. Fed.R.Civ.P. 52(a) applies. The district court found specifically that appellant had "failed to meet its burden of proof as to the extent and cost of any damages" to the pier in question as a result of the allision giving rise to the suit. Puerto Rico Elec. Power Auth. v. Puerto Rico Ports Auth., No. 86-0140 (PG), slip op. at 13 (D.P.R. May 11, 1989).
 
 
 2
 We have reviewed the record, alert to the nuances of Rule 52(a) and mindful that appellant had the burden of proving its claimed damages. See, e.g., DiMillo v. Sheepscot Pilots, Inc., 870 F.2d 746, 751 (1st Cir.1989). The evidence on the point, such as it is, appears completely conjectural as to the quantifiable amount of the damages sought. In the absence of such proof, appellant was not entitled to recover. See Pinto v. M/S Fernwood, 507 F.2d 1327, 1331-32 (1st Cir.1974).
 
 
 3
 This is a case where appellant took too relaxed a view of the devoir of persuasion, thus becoming the author of its own misfortune. A litigant cannot withhold evidence, either intentionally or by inadvertence, and expect the trial court to use its imagination to fill the resultant void.
 
 
 4
 Because we are unaware of any cognizable basis for modifying the district court's well-reasoned opinion or for extricating appellant from its self-dug hole, the judgment of the district court must be affirmed.
 
 
 5
 Affirmed. Double costs.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation